IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALVIN WILSON,

Plaintiff,

v.

STRONG TRANSPORT, INC.,
HARJINDER SINGH, and
AMTRUST INSURANCE COMPANY,

Defendants.

CIVIL ACTION NO.
1:25-CV-00619-SDG

**DEFENDANT AMTRUST INSURANCE COMPANY'S BRIEF IN
SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant AmTrust Insurance Company (hereinafter "Amtrust") moves for leave to amend its Answer to assert a coverage defense related to the co-defendant's lack of cooperation. AmTrust is named in this suit as a direct action because it issued a policy of insurance to Defendant Strong Transport, Inc., ("Strong"). The Court has recently indicated that it intends to likely grant Plaintiff's Motion to Strike Strong and Defendant Harjinder Singh's ("Singh") answer due to failure to comply with discovery obligations. Due to that, AmTrust must raise a potential coverage defense for lack of cooperation under the policy. Under Fed. R. Civ. P. 15, leave to amend should be freely given. Based on the facts here, AmTrust should be given leave to amend its answer to assert the coverage defense of lack of cooperation.

1

## RELEVANT PROCEDURAL HISTORY

This action arises from a commercial motor vehicle accident that occurred on March 11, 2024. Plaintiff filed this action on February 7, 2025. After multiple unsuccessful service attempts, Plaintiff filed Affidavits of Non-Service for Defendants Harjinder Singh and Strong Transport ("Defendant Singh" and "Defendant Strong") were filed from March 5 – April 8, 2025 (Docs. 6, 7, 8, 9, and 10). Plaintiff amended the complaint on April 29, 2025 to add a direct action against Defendant Strong's insurer, AmTrust. (Doc. 11). AmTrust was served on May 7, 2025, and an Affidavit of Service was filed (Doc. 14). Service on Strong was perfected via the Georgia Secretary of State on May 28, 2025 (Doc. 15).

On June 12, 2025, Strong and Singh filed an Acknowledgment of Service and Stipulation extending their response time. (Doc. 16). On June 12, 2025, Defendants Strong and Singh filed an Acknowledgment of Service and Stipulation extending time (Doc. 16). On June 20, 2025, Defendants Strong and Singh filed Answers (Docs. 19, 20), and AmTrust filed its Answer and Defenses the same day (Doc. 18). The parties filed their Joint Preliminary Report and Discovery Plan on July 17, 2025 (Doc. 21), and Plaintiff served Initial Disclosures on July 21, 2025 (Doc. 22).

On August 21, 2025, Plaintiff served first Interrogatories, Requests for Production, and Requests for Admission on Defendants Strong and Singh (Doc. 24). On September 17, 2025, counsel conferred, and Plaintiff extended the discovery

response deadline to October 3, 2025, defense agreed to coordinate Defendant Singh's deposition and Defendant Strong's Rule 30(b)(6) deposition for late October or early November 2025, and Defendants served Initial Disclosures. On October 3, 2025, Defendants served discovery responses (Doc. 27). In an October 22, 2025, good-faith discovery conference, Plaintiff learned Strong's owner had returned to India and there had been no contact with Singh. Defendants Strong and Singh's non-cooperation started to become more clear at this time.

Plaintiff sent a discovery dispute letter to the Court on October 31, 2025, and on November 12, 2025, the Court ordered Strong and Singh to supplement by December 12, 2025. (Doc. 35). Plaintiff moved to strike Defendants Strong's and Singh's Answers on December 16, 2025 (Doc. 36). Defendants responded on December 30, 2025 (Docs. 39, 40). Plaintiff replied on January 13, 2026, seeking default judgment against all three Defendants (Doc. 41). Evidence cited by Plaintiff reflects Strong Transport was still hauling freight on February 11, 2026 (Doc. 53 at 5).

Given the issues with non-cooperation by the Defendants, AmTrust substituted counsel on April 16, 2026. (Doc. 47-48). On May 21, 2026, new counsel requested Plaintiff's consent to add non-cooperation defenses. At the June 11, 2026 hearing, the Court instructed Plaintiff to advise by June 16, 2026 whether he consented to AmTrust's amendment and instructed AmTrust to file by June 22, 2026

3

regardless. Plaintiff declined consent on June 16, and AmTrust filed on June 23, 2026.

## ARGUMENT

### A. Leave to Amend Should be Freely Granted Under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." The Supreme Court has emphasized that this mandate reflects a strong preference for resolving claims and defenses on the merits rather than on technical pleading deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Consistent with this liberal standard, the Eleventh Circuit recognizes that leave to amend should be denied only in limited circumstances, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See id.*; *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989). None of those circumstances are present here.

#### 1. *AmTrust Amendment Was Diligently Sought Based on Newly Developed Facts*

AmTrust seeks leave to assert affirmative defenses arising from its insureds' non-cooperation. These issues that only came into clear focus through developments in discovery and motion practice, including Plaintiff's Motion to Strike, and the recent hearing on same.

The record reflects that Defendants Strong and Singh have been unresponsive and have failed to meaningfully participate in the defense of this case. These facts were not fully developed at the time AmTrust filed its original Answer. After substitution of counsel in April 2026, AmTrust promptly evaluated the record, requested Plaintiff's consent, but Plaintiff refused. AmTrust now timely moves for leave consistent with the Court's instructions.

This sequence demonstrates diligence, not delay, and supports amendment under Rule 15. Courts routinely permit amendment where, as here, a party seeks to add defenses based on facts that emerged during discovery or subsequent proceedings.

### 2. AmTrust Must Assert Coverage Defenses in This Direct Action

AmTrust is litigating as a party defendant pursuant to Georgia's direct action statute. In a lawsuit against a tortfeasor's motor carrier, a plaintiff may assert claims directly against the liability insurer, effectively placing the insurer in the position of defending both liability and coverage issues within the same proceeding.

The insurer must assert any applicable coverage defenses in the underlying action. Indeed, courts applying Georgia law recognize that coverage defenses— unlike certain procedural policy defenses—must be timely raised or risk forfeiture in the litigation. This Court in *SavaSeniorCare, LLC*, permitted an insurer to amend their pleadings to assert additional coverage defenses where the factual basis

becomes clear during the course of litigation and the insurer acts diligently in seeking amendment. (See *SavaSeniorCare, LLC v. Beazley Ins. Co.*, 309 F.R.D. 692, 697–98 (N.D. Ga. 2015)). In addition, such defenses are properly asserted in the litigation because they go to coverage itself and are not subject to waiver. *Id.*

Among those defenses, Georgia law expressly recognizes that an insured's failure to cooperate in the defense of a claim may constitute a material breach of the insurance contract that relieves the insurer of its obligations where breach is significant and prejudicial. See *H.Y. Akers & Sons, Inc. v. St. Louis Fire & Marine Ins. Co.*, 120 Ga. App. 800, 802–03 (1969).

Although AmTrust identified the non-cooperation issues during discovery, they did not materially affect the case while the insureds remained active defendants. Plaintiff's Motion to Strike changes that posture. If granted, the insureds' non-cooperation would directly impact AmTrust's potential liability as a direct-action defendant.

AmTrust therefore seeks amendment now, at the point the issue has become outcome-determinative, to ensure its coverage defenses are properly before the Court.

### 3. *The Proposed Amendment Will Not Prejudice Plaintiff*

Allowing amendment will not prejudice Plaintiff. The proposed affirmative defenses are based entirely on facts already in the record and largely developed by Plaintiff himself, including allegations and evidence concerning the co-defendants' lack of participation.

Because these facts are already at issue, the amendment does not expand the scope of the case, require additional parties, or introduce new factual theories requiring extensive additional discovery. Nor can Plaintiff claim surprise. The non-cooperation issues underlying the proposed defenses have been central to Plaintiff's own filings, including the Motion to Strike. Accordingly, Plaintiff has long been on notice of the factual basis for these defenses.

### 4. *Amendment Promotes Resolution on the Merits*

The proposed amendment seeks to assert affirmative defenses that go directly to coverage and AmTrust's obligations under the policy. Permitting amendment will ensure that the Court can adjudicate the parties' rights and obligations on a complete factual and legal record. Denying leave, by contrast, would elevate form over substance and risk excluding defenses grounded in the undisputed conduct of the insured defendants.

**B. Good Cause Exists Under Rule 16(b)(4)**

Rule 16(b)(4) requires a showing of good cause only where a scheduling order imposes a deadline that a party seeks to modify. Here, the Court's Scheduling Order does not impose a separate deadline for amendments beyond those provided in the Federal Rules of Civil Procedure. Rather, it expressly provides that time limits are governed by the Federal and Local Rules "except as modified," and no modification limiting amendments is present. Therefore, Rule 15(a)(2)'s liberal amendment standard governs this motion.

Even if Rule 16(b)(4) were implicated, good cause exists to permit amendment. The relevant facts supporting the proposed defenses, namely, the insureds' non-cooperation and lack of participation, were confirmed through late 2025 and early 2026 filings and discovery disputes. AmTrust acted promptly after substitution of counsel and after these issues became clear.

Accordingly, the timing of this motion reflects diligence, and the record supports a finding of good cause.

<strong>CONCLUSION</strong>

Defendant AmTrust Insurance Company respectfully requests that the Court grant its Motion for Leave to File its First Amended Answer and permit the filing of the proposed Amended Answer attached as Exhibit A.

8

Granting leave will not prejudice Plaintiff, is supported by AmTrust's diligence, and will promote resolution of this case on the merits in accordance with the liberal standard of Rule 15(a)(2).

Respectfully submitted this 23rd day of June, 2026.

| | |
|---|---|
| LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, GA 30308<br>T: (404)348-8585<br>F: (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>spenser.west@lewisbrisbois.com | /s/ Seth Friedman<br>Seth Friedman<br>Georgia Bar Number 141501<br>Spenser L. West<br>Georgia Bar Number 295082<br><br>*Counsel for Defendant AmTrust Insurance Company* |

9

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman (14 point).

This 23rd day of June, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, a true and exact copy of the foregoing

**DEFENDANT AMTRUST INSURANCE COMPANY'S BRIEF IN SUPPORT**

**OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO**

**PLAINTIFF'S AMENDED COMPLAINT** was filed electronically. Service of

this filing will be made pursuant to Civ. R. 5(b)(2)(e) by operation of this Court's

electronic filing system. Parties may access the filing through the Court's system.

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Benjamin R. Keen
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
ben.keen@beasleyallen.com

*Counsel for Plaintiff*

DREW, ECKL, & FARNHAM, LLP
Matthew A. Nanninga,
Robert A. Quinn,
Bree'ara Murphy,
303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia 30308
(404) 885-1400
nanningam@deflaw.com
quinnr@deflaw.com
murphyb@deflaw.com

11

*Counsel for Defendants Strong Transport, Inc., and Harjinder Singh*

This 23rd day of June, 2026.

| | |
|---|---|
| LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, GA 30308<br>T: (404)348-8585<br>F: (404)467-8845<br>seth.friedman@lewisbrisbois.com<br>spenser.west@lewisbrisbois.com | */s/ Seth Friedman*<br>Seth Friedman<br>Georgia Bar Number 141501<br>Spenser L. West<br>Georgia Bar Number 295082<br><br>*Counsel for Defendant AmTrust Insurance Company* |

12