IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALVIN WILSON,

Plaintiff,

v.

STRONG TRANSPORT, INC.,
HARJINDER SINGH, and
AMTRUST INSURANCE COMPANY,

Defendants.

CIVIL ACTION NO.
1:25-CV-00619-SDG

**DEFENDANT AMTRUST'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS ANSWER**

Plaintiff's Response in Opposition ("Response") attempts to transform a straightforward Rule 15 motion into a premature adjudication of disputed coverage issues. The sole question presently before the Court is whether Defendant AmTrust ("AmTrust") should be permitted to amend its Answer. Plaintiff's Opposition largely ignores that procedural question and instead devotes substantial attention to the ultimate merits of the proposed defense, including waiver, estoppel, reservation-of-rights, and MCS-90 arguments that are not presently before the Court.

Plaintiff's argument overlooks the procedural reality of this case. AmTrust acted diligently once it became apparent that the insureds' continued non-cooperation could directly affect AmTrust's obligations in this action. Following substitution of counsel on April 16, 2026 (Docs. 47, 48), AmTrust promptly

1

evaluated the record, requested Plaintiff's consent on May 21, 2026, complied with the Court's June 11, 2026 directive regarding amendment, and filed its Motion after Plaintiff declined consent on June 16, 2026. There was no undue delay, bad faith, or dilatory motive. Rather, AmTrust acted promptly in response to developments that made the defense materially relevant to the issues before the Court.

Moreover, Plaintiff cannot demonstrate prejudice. The non-cooperation facts underlying the proposed amendment have been at the center of Plaintiff's own Motion to Strike and are already well established in the record. The amendment introduces no new parties, no new transactions, and no surprise factual allegations. Nor does Plaintiff identify any unavailable witness, lost evidence, or other concrete prejudice resulting from the timing of the amendment. It simply permits the Court to address all issues bearing on AmTrust's obligations in a single proceeding, consistent with Rule 15's strong preference for resolving disputes on the merits.

## I.   RULE 15'S LIBERAL STANDARD GOVERNS AND FAVORS AMENDMENT.

Plaintiff's Response largely ignores the procedural chronology demonstrating AmTrust's diligence. Rule 15(a)(2) provides that leave should be "freely give[n] when justice so requires." The Supreme Court has emphasized that denial of leave is appropriate only in limited circumstances such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Likewise, the Eleventh Circuit recognizes that amendment should

2

generally be permitted absent those exceptional circumstances. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989). Plaintiff similarly acknowledges that leave to amend is ordinarily denied only upon a substantial showing of undue delay, bad faith, prejudice, or futility. *Oliver v. Experian Information Solutions, Inc.*, 2023 WL 12013248, at *2 (N.D. Ga. 2023); *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).

None of those circumstances exists here. The relevant timeline is straightforward. Plaintiff filed this action on February 7, 2025. (Doc. 1). Plaintiff amended the Complaint to add AmTrust as a direct-action defendant on April 29, 2025. (Docs. 11-12). Discovery disputes concerning Strong Transport and Singh developed throughout late 2025. (Doc. 53). Plaintiff filed his Motion to Strike the insured defendants' Answers on December 16, 2025. Id. AmTrust substituted counsel on April 16, 2026. (Docs. 47, 48). On May 21, 2026, AmTrust requested Plaintiff's consent to assert non-cooperation defenses. During the June 11, 2026 hearing, the Court instructed Plaintiff to advise whether he consented and directed AmTrust to file its motion regardless. Plaintiff declined consent on June 16, 2026. AmTrust filed its Motion on June 23, 2026, in accordance with the Court's instruction.

That chronology reflects diligence. Far from sitting on a fully developed defense for strategic purposes, AmTrust acted promptly after substitution of counsel,

after evaluating the record, and after the Court directed the parties to address amendment. Such conduct is entirely consistent with Rule 15's preference for resolving cases on their merits. *Foman*, 371 U.S. at 182.

Most importantly, Plaintiff never explains how a motion filed within weeks of new counsel's evaluation of the file, after seeking consent and following the Court's directive, constitutes undue delay under Rule 15.

## II.   THE PROPOSED AMENDMENT IS NECESSARY BECAUSE THIS CASE PROCEEDS IN A DIRECT-ACTION POSTURE AND THE NON-COOPERATION DEFENSE HAS NOW RIPENED.

Plaintiff attempts to characterize the proposed amendment as based upon facts allegedly known long ago. That framing oversimplifies both the procedural posture of this case and the nature of the defense at issue. It also ignores that AmTrust's original Answer expressly reserved the right to amend, assert, or supplement its defenses as additional facts were disclosed through investigation and discovery. (Doc. 18 at 3).

Plaintiff's argument improperly focuses on when AmTrust first became aware of facts relating to cooperation. The relevant inquiry is whether AmTrust acted diligently in seeking amendment and whether Plaintiff will suffer any cognizable prejudice from the amendment. The factual issues underlying the proposed defense were developed during the course of discovery and motion practice and are already well known to all parties. Once AmTrust evaluated the full record, it promptly

4

sought Plaintiff's consent to amend and thereafter filed its Motion in accordance with the Court's directive. Under Rule 15, those circumstances favor amendment rather than denial.

Consistent with Rule 15's liberal standard, this Court has permitted an insurer to amend its answer to assert additional coverage-related defenses where the insurer moved promptly after obtaining information supporting the defense and amendment would not result in undue prejudice. SavaSeniorCare, LLC v. Beazley Ins. Co., 309 F.R.D. 692, 697-98 (N.D. Ga. 2015). There, the Court found amendment appropriate where the insurer acted promptly, no undue prejudice existed, and the proposed defenses were not futile. Id.

Georgia law expressly recognizes that an insured's failure to cooperate may constitute a material breach of the insurance contract that relieves an insurer of its obligations where the breach is substantial and prejudicial. *H.Y. Akers & Sons, Inc. v. St. Louis Fire & Marine Insurance Co.*, 120 Ga. App. 800, 802-03 (1969). Thus, the proposed defense is neither speculative nor collateral. Rather, it concerns a recognized coverage defense arising from the insureds' conduct during this litigation.

Plaintiff's position would effectively require insurers to assert every conceivable coverage defense at the earliest indication of a potential factual issue, regardless of whether amendment is warranted at that time. Rule 15 imposes no such requirement. To the contrary, amendment is particularly appropriate where facts

5

developed during litigation support the assertion of a defense and permitting amendment will allow the parties' rights and obligations to be adjudicated on a complete factual and legal record. SavaSeniorCare, 309 F.R.D. at 697-98.

## III.    PLAINTIFF CANNOT DEMONSTRATE PREJUDICE OR SURPRISE.

Plaintiff likewise fails to identify any meaningful prejudice arising from the proposed amendment.

Plaintiff relies upon *Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458 (11th Cir. 1998), but that case involved an amendment that materially expanded the scope of the litigation and threatened to require substantial additional discovery. The circumstances here are entirely different. AmTrust's proposed amendment relies upon the same factual record already developed through the parties' discovery disputes and Plaintiff's Motion to Strike

Indeed, Plaintiff's own briefing demonstrates the absence of surprise. Plaintiff repeatedly argues that AmTrust knew about issues relating to non-cooperation during discovery and was aware of the insureds' lack of participation. Having taken that position, Plaintiff cannot simultaneously contend that he is surprised by a defense arising from those very same facts.

Nor does the amendment add new parties, new factual events, or new liability theories. The proposed amendment simply permits AmTrust to assert a coverage defense arising from facts already known to the parties and extensively addressed

throughout the litigation. Plaintiff identifies no lost evidence, unavailable witness, or other concrete prejudice resulting from the amendment and therefore cannot establish a basis for denying leave under Rule 15. *Foman*, 371 U.S. at 182.

The only prejudice Plaintiff identifies is the possibility that the proposed defense may ultimately affect the scope of available coverage. But that is not the type of prejudice contemplated by Rule 15. Rather, the relevant inquiry is whether amendment would unfairly impair Plaintiff's ability to litigate the case. *Id.* Plaintiff identifies no lost evidence, unavailable witness, discovery that can no longer be obtained, or any other circumstance suggesting that his ability to prosecute this action has been materially impaired. Plaintiff therefore cannot establish the type of undue prejudice necessary to justify denial of leave. *Id.*

To the extent the Court determines that any additional discovery is warranted regarding the insureds' alleged non-cooperation, any such concerns can be addressed through narrowly tailored discovery directed to that issue alone. There is no basis for denying amendment outright where the underlying facts are already known to the parties and Plaintiff has failed to identify any actual litigation prejudice.

## IV.    RULE 16 DOES NOT BAR AMENDMENT; ALTERNATIVELY, GOOD CAUSE EXISTS.

Plaintiff's Response assumes Rule 16 controls. Even assuming that is correct, AmTrust satisfies Rule 16's good-cause standard for the reasons discussed below. Moreover, Rule 15's liberal standard strongly favors amendment because AmTrust

acted diligently, Plaintiff suffers no prejudice, and the proposed defenses are not futile. Plaintiff's authorities demonstrate why good cause exists here rather than why amendment should be denied.

The central premise underlying each of Plaintiff's Rule 16 cases is that amendment is properly denied where a party seeks to assert a claim or defense based upon information already known, already possessed, or readily discoverable through reasonable diligence long before the amendment request. In *Sosa v. Airprint Systems, Inc.*, the Eleventh Circuit held that Rule 16's good-cause requirement focuses on the diligence of the party seeking amendment. Similarly, in *Saewitz v. Lexington Insurance Co.*, the Eleventh Circuit explained that where the movant was not diligent, the Rule 16 inquiry ends. Likewise, *Land Resource Companies, LLC v. Enterkin*, *EEOC v. Exel Inc.*, *Thorn v. Blue Cross & Blue Shield of Florida*, *Hill & Mac Gunworks, LLC v. True Position, Inc.*, and *AMG Trade & Distribution, LLC v. Nissan North America, Inc.* all involved circumstances where the information supporting the proposed amendment was available or reasonably obtainable well before the party sought leave to amend.

Most notably, Plaintiff's repeated reliance on *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293 (11th Cir. 2007), is misplaced because that case involved a prolonged and unexplained failure to investigate and pursue a known defense. In *Millennium Partners*, the Eleventh Circuit affirmed denial of leave to

8

amend because the movant had received documents and disclosures identifying the factual basis for its proposed affirmative defense more than a year before seeking amendment. Although the movant claimed it did not appreciate the significance of those facts until much later, the court concluded that the defense was discoverable through reasonable investigation and that the movant simply failed to pursue it. The Eleventh Circuit specifically emphasized that the defendant possessed information that should have prompted investigation into the defense months earlier and that its failure to investigate did not constitute good cause under Rule 16.

This case bears little resemblance to *Millennium Partners* or the other authorities cited by Plaintiff. Those cases involved information that was known or readily discoverable long before amendment was sought and where the movant failed to investigate or act with reasonable diligence. Here, by contrast, the proposed amendment is based on facts developed during the course of this litigation, and Plaintiff identifies no comparable period of unexplained inaction.

The chronology demonstrates diligence. AmTrust substituted counsel on April 16, 2026. (Docs. 47, 48). After reviewing the record, AmTrust sought Plaintiff's consent to amend on May 21, 2026. During the June 11, 2026 hearing, the Court directed the parties to address amendment. Plaintiff declined consent on June 16, 2026, and AmTrust filed its Motion on June 23, 2026 in accordance with the Court's directive. This sequence reflects prompt action following substitution of

counsel and review of the record. That conduct is the very definition of diligence under *Sosa* and *Saewitz* and stands in stark contrast to the prolonged inaction present in *Millennium Partners* and the other authorities cited by Plaintiff.

Accordingly, even if Rule 16 applies, the record establishes good cause. Plaintiff's authorities do not support denial of leave where, as here, the movant acts promptly after evaluating the record, seeks consent before filingg, follows the Court's direction regarding amendment, and moves without causing undue prejudice to the opposing party. Under either Rule 15 or Rule 16, AmTrust has acted diligently, and amendment should be permitted.

## V.   PLAINTIFF'S WAIVER, ESTOPPEL, AND COVERAGE ARGUMENTS ARE MERITS ISSUES NOT PROPERLY BEFORE THE COURT.

A substantial portion of Plaintiff's Opposition is devoted to arguments concerning waiver, estoppel, reservation of rights, indemnity obligations, and the MCS-90 endorsement. Those arguments go to whether AmTrust's proposed defense will ultimately succeed. They do not address the question presently before the Court.

The issue on this Motion is procedural: whether AmTrust should be permitted to plead the defense. The Court is not being asked to determine whether the defense is meritorious, whether waiver exists, whether estoppel applies, or whether any MCS-90 implications ultimately arise. Those issues are more appropriately

addressed after the pleadings are amended and the coverage issues are properly joined.

Indeed, Plaintiff's reliance on *American Family Insurance Co. v. Almassud*, 413 F. Supp. 3d 1292 (N.D. Ga. 2019), underscores why these arguments are premature. As Plaintiff himself notes, courts frequently defer coverage-related determinations until the relevant obligations have been fully developed through the litigation process. The Court need not resolve those substantive disputes in order to grant leave to amend.

Plaintiff's waiver and estoppel arguments are particularly misplaced because this Court has previously permitted amendment to assert additional coverage-related defenses notwithstanding similar arguments that the insurer had relied upon different coverage positions. In *SavaSeniorCare*, the Court concluded that the proposed defenses were properly characterized as coverage defenses and permitted amendment because the proposed pleading was not futile. 309 F.R.D. at 697-98. Plaintiff's arguments therefore go, if anywhere, to the ultimate merits of the defense rather than whether AmTrust should be permitted to plead it.

Plaintiff contends that AmTrust seeks amendment merely to avoid an adverse ruling, relying on *Local 472 of United Association of Journeymen & Apprentices v. Georgia Power Co.*, 684 F.2d 721 (11th Cir. 1982). The argument mischaracterizes both the Motion and the record.

AmTrust is not attempting to avoid adjudication of an adverse ruling. To the contrary, it seeks to ensure that the Court may adjudicate all relevant issues bearing on AmTrust's obligations before judgment is entered. The fact that the defense became materially significant following Plaintiff's Motion to Strike and the Court's indication regarding the insured defendants' Answers does not demonstrate bad faith. It simply explains why amendment became necessary at this stage of the litigation.

Rule 15 exists precisely so that parties may amend pleadings when developments during litigation reveal the need to assert additional claims or defenses. *Foman*, 371 U.S. at 182. Seeking leave under those circumstances reflects diligence, not gamesmanship.

## VI.    ALLOWING AMENDMENT ADVANCES RESOLUTION OF THE CASE ON THE MERITS.

Finally, permitting amendment will ensure that the Court can adjudicate the parties' rights and obligations on a complete factual and legal record.

Rule 15 embodies a strong preference for decisions on the merits rather than technical pleading deficiencies. *Foman*, 371 U.S. at 182. Consistent with that principle, this Court has permitted an insurer to amend its answer to assert additional coverage-related defenses where the insurer moved promptly, no undue prejudice existed, and the proposed defenses were not futile. *SavaSeniorCare*, 309 F.R.D. at 697-98.

Denying leave here would prevent adjudication of a potentially outcome-determinative coverage issue arising from the insureds' conduct and would elevate procedural form over substantive resolution. Granting leave, by contrast, will ensure that all issues bearing on AmTrust's obligations are before the Court and can be resolved together on a complete record.

## CONCLUSION

Accordingly, because Rule 15 strongly favors amendment, because AmTrust acted diligently, because Plaintiff has shown neither prejudice nor surprise, and because amendment will facilitate resolution on the merits, the Court should grant AmTrust's Motion for Leave to File First Amended Answer. *Foman*, 371 U.S. at 182; *SavaSeniorCare*, 309 F.R.D. at 697-98.

For the foregoing reasons, and because Plaintiff has failed to establish undue delay, bad faith, prejudice, futility, or any other basis for denying amendment, Defendant AmTrust Insurance Company respectfully requests that the Court grant its Motion for Leave to File First Amended Answer and permit filing of the proposed Amended Answer.

Respectfully submitted this 27th day of July, 2026.

| | |
|---|---|
| LEWIS, BRISBOIS, BISGAARD & SMITH, LLP | /s/ *Spenser L. West* |
| 600 Peachtree Street NE | Seth Friedman |
| Suite 4700 | Georgia Bar Number 141501 |
| Atlanta, GA 30308 | Spenser L. West |
| | Georgia Bar Number 295082 |

13

T: (404)348-8585
F: (404)467-8845                              *Counsel for Defendant AmTrust*
seth.friedman@lewisbrisbois.com              *Insurance Company*
spenser.west@lewisbrisbois.com

14

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman (14 point).

This 27th day of July, 2026.

/s/ Spenser L. West
Spenser L. West

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2026, a true and exact copy of the foregoing

**DEFENDANT AMTRUST'S REPLY IN SUPPORT OF ITS MOTION FOR**

**LEAVE TO AMEND ITS ANSWER** was filed electronically. Service of this filing

will be made pursuant to Civ. R. 5(b)(2)(e) by operation of this Court's electronic

filing system. Parties may access the filing through the Court's system.

BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Benjamin R. Keen
Overlook II
2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
ben.keen@beasleyallen.com

*Counsel for Plaintiff*

DREW, ECKL, & FARNHAM, LLP
Matthew A. Nanninga,
Robert A. Quinn,
Bree'ara Murphy,
303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia 30308
(404) 885-1400
nanningam@deflaw.com
quinnr@deflaw.com
murphyb@deflaw.com

*Counsel for Defendants Strong Transport, Inc., and Harjinder Singh*

This 27th day of July, 2026.

16

LEWIS, BRISBOIS, BISGAARD
& SMITH, LLP
600 Peachtree Street NE
Suite 4700
Atlanta, GA 30308
T: (404)348-8585
F: (404)467-8845
seth.friedman@lewisbrisbois.com
spenser.west@lewisbrisbois.com

*/s/ Spenser L. West*
Seth Friedman
Georgia Bar Number 141501
Spenser L. West
Georgia Bar Number 295082

*Counsel for Defendant AmTrust Insurance Company*