**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CALVIN WILSON,<br>Plaintiff,<br>v.<br>STRONG TRANSPORT, INC.; HARJINDER SINGH; and AMTRUST INSURANCE COMPANY,<br>Defendants. | Civil Action No.<br>1:25-cv-00619-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Calvin Wilson's motion to strike the answers of Defendants Strong Transport, Inc. and Harjinder Singh; Wilson's motion to strike the answer of Defendant AmTrust Insurance Company; and AmTrust's motion for leave to amend its answer. For the following reasons, Wilson's motion to strike Strong Transport's and Singh's answers [ECF 36] is **GRANTED**, but his motion to strike AmTrust's answer [ECF 53] is **DENIED**. AmTrust's motion to amend its answer [ECF 54] is also **DENIED**.

## I. Background

The parties' dispute stems from a vehicle accident on I-285. Wilson alleges that he was driving a tanker truck when he was violently rear-ended by a tractor trailer owned by Strong Transport and driven by Singh. Wilson allegedly suffered substantial injuries as a result. He sued Strong Transport and Singh in February

2025, asserting causes of action for negligence and wantonness and seeking punitive damages.[1]

Because he was unable to effect service on Strong Transport and Singh, on April 29, 2025, Wilson filed an amended complaint that added a direct-action claim against AmTrust—Strong Transport's insurer.[2] On June 12, defense counsel filed a notice reflecting Strong Transport's and Singh's acknowledgment of service.[3] Thereafter, on June 20, Defendants each answered the Amended Complaint.[4] Singh and Strong Transport admitted that Singh was acting within the scope of his employment at the time of the accident,[5] but otherwise denied liability.[6] At the time, Defendants were all represented by the same counsel. The case proceeded to discovery.

---

1 *See generally* ECF 1.

Jurisdiction is based on diversity of citizenship. Wilson is a citizen of Alabama. ECF 5, at 2. Strong Transport is a dissolved corporation that was organized under the laws of and had its principal place of business in Indiana. ECF 12, ¶ 5; ECF 32, at 2. Singh's last known domicile was Indiana. ECF 32, at 2. Wilson also presented sufficient information to show that the amount in controversy likely exceeds $75,000. *See generally* ECF 34.

2 ECF 12, ¶ 2, Count Seven.

3 ECF 16.

4 ECF 18 (AmTrust); ECF 19 (Singh); ECF 30 (Strong Transport).

5 ECF 12, ¶ 15; ECF 19, ¶ 15; ECF 20, ¶ 15.

6 *See generally* ECFs 19, 20.

On October 31, 2025, pursuant to the Court's discovery dispute procedures, counsel for Wilson informed the Court that Defendants had not been cooperating in discovery.[7] In response, on November 11, defense counsel acknowledged that they had been engaged by AmTrust to represent Strong Transport and Singh. Although defense counsel had had some initial contacts with Singh, a person believed to be the owner of Strong Transport, and someone who identified himself as the owner's brother, counsel had not had contact with Strong Transport or Singh since June.[8] It is unclear whether defense counsels' last contacts with their clients took place before or after their answers were filed on June 20. Defense counsel had also served discovery responses on behalf of Strong Transport and Singh without consulting them.[9]

On November 12, 2025, the Court held a video conference with counsel for the parties concerning these matters. The Court provided Strong Transport and Singh until December 12 to supplement their discovery responses. The Court further ordered Wilson to file a motion to strike Strong Transport's and Singh's answers if they failed to comply.[10] They did not comply, and Wilson filed his

---

7 ECF 35-1.

8 ECF 35-2.

9 ECFs 27, 35, 35-2, 52.

10 ECF 35.

motion to strike on December 16.[11] On April 16, 2026, new counsel appeared for AmTrust, with original counsel continuing to represent Strong Transport and Singh.[12] On June 11, the Court held a hearing on Wilson's motion to strike at which counsel for Wilson, counsel for Strong Transport and Singh, and the new counsel for AmTrust appeared.[13] Shortly thereafter, on June 16, Wilson filed a motion to strike AmTrust's answer.[14] AmTrust opposes the motion[15] and moves for leave to amend its answer to add a defense of lack of cooperation by Strong Transport and Singh.[16] Wilson opposes the amendment.[17]

## II. The Motions to Strike Defendants' Answers

### A. Strong's and Singh's Answers

Wilson argues that Strong Transport and Singh did not comply with the Court's November 12 directive to supplement their discovery responses. Wilson therefore moves under Fed. R. Civ. P. 12(f) for the Court to strike their answers and to enter a default judgment against them.[18] Counsel for Strong Transport and

---

11 ECF 36.

12 ECF 47.

13 ECF 52.

14 ECF 53.

15 ECF 59.

16 ECF 54.

17 ECF 57.

18 ECF 36.

Singh filed an opposition brief asserting that these Defendants have not willfully failed to participate in discovery or disobeyed a court order as required for Rule 37's sanction of dismissal.[19] Defense counsel also assert that a default judgment would be inappropriate because causation and damages remain at issue.[20] They claim Wilson has only been deprived of evidence regarding duty and breach, not causation or damages, and assert that Strong Transport and Singh are "prepared to admit" duty and breach.[21] Counsel further argue that Wilson may have had pre-existing injuries caused by a different source.[22]

The Court concludes that it is appropriate to strike Strong Transport's and Singh's answers, but that Rule 12 is not the correct vehicle for such sanctions as Wilson's motion asserts.[23] Rather, under Rule 16, the Court "may issue any just

---

19 ECF 40, at 4–5.

20 *Id.* at 1.

21 *Id.* at 2, 5. The basis for counsels' representations is unclear since they had not had contact with these clients for six months before making these arguments. Moreover, counsels' arguments raise potential ethical concerns since they filed the opposition brief while still representing AmTrust, which may be liable for any judgment against Strong Transport or Singh. Counsels' arguments on behalf of Strong Transport and Singh seem designed to benefit themselves and AmTrust (which they were still representing at the time) rather than Strong Transport and Singh, who have absconded.

22 *Id.* at 3.

23 Rule 12 provides that the Court may strike from a pleading "an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In his reply brief, Wilson appears to concede that Rule 12 is not the correct rule. ECF 41, at 1.

orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(C); and under Rule 37, the Court may sanction a party for failing to obey a discovery order by (among other things) striking a pleading or entering a default judgment, Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

The purpose of Rule 37 sanctions is "to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (holding that the federal rule governing "sanctions used when a party fails to cooperate in discovery, allows the court to strike out pleadings and render default judgment against the disobedient party"). In general, a default judgment is "a drastic remedy which should be used only in extreme situations." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In the context of Rule 37, it should be invoked only "as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The key to such a sanction is a finding of a "willful or bad faith failure to obey a discovery order." *Id.*

Here, the facts demonstrate unequivocally that Strong Transport and Singh have willfully failed to participate in this litigation and to follow the Court's orders. Crucially, their counsel acknowledge that Strong Transport and Singh did

not fully respond to Wilson's discovery requests.[24] During the June 11 hearing, defense counsel admitted that they themselves provided responses to interrogatories and requests for admission based on discovery information they had already collected—without consulting with their clients.[25] Strong Transport's owner apparently moved back to India and shut down the business.[26] The company has been administratively dissolved.[27] Defense counsel cannot locate Singh.[28]

In addition to the incomplete discovery responses, Wilson has been deprived of the opportunity to depose these Defendants.[29] While defense counsel may have "made all reasonable efforts" to get their clients to comply with their discovery obligations,[30] there is no evidence that *Strong Transport* and *Singh* themselves have done anything other than try to evade this litigation and their own attorneys. A lesser sanction than striking their answers will not suffice.

---

[24] ECF 40, at 5; ECF 52.

[25] ECF 52. On October 3, 2025, defense counsel filed a certificate of service indicating that Strong Transport and Singh had responded to RFAs and interrogatories. ECF 27. At that point, however, defense counsel had not had contact with their clients since June. ECF 35-2, at 1.

[26] ECF 35-2, at 1.

[27] *Id.*

[28] *Id.*

[29] ECF 41, at 3.

[30] ECF 40, at 5.

Wilson has been denied access to full discovery because of Strong Transport's and Singh's conduct, aided by defense counsels' less than forthright behavior. Requiring Wilson to try substantive parts of his claims with one hand tied behind his back would not be equitable. Wilson's motion to strike Strong Transport's and Singh's answers is **GRANTED**.

Their answers having been stricken, Strong Transport and Singh are in default and entry of default judgment against them as to liability is appropriate. Therefore, the well-pleaded facts in Wilson's amended complaint are deemed admitted.[31] In particular, these Defendants concede that Singh was acting within the scope of his employment at the time of the accident; Singh was driving too fast, following too closely, and distracted; the collision caused a leak of hazardous material onto the roadway; Wilson suffered injuries because of the accident; and Strong Transport had knowledge that Singh was likely to operate the vehicle in a negligent manner and negligently hired or trained him.[32] As a result, Strong Transport and Singh are liable for negligence and wantonness;[33] Strong Transport

31 Damages allegations "are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011) (quoting *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)).

32 *See, e.g.*, ECF 12, ¶¶ 15, 19–22, 27–28, 32, 34, 37–38.

33 *Id.*, Counts 1–3.

is liable for negligent hiring and under an agency theory;[34] and Singh is liable for per se negligence.[35]

### B. AmTrust's Answer

Wilson also moves to strike AmTrust's answer under Rule 37(b) on the same grounds as those he asserted against Strong Transport and Singh—that Strong Transport and Singh failed to cooperate in discovery and obey the Court's discovery orders. According to Wilson, AmTrust is not a separate party because it is a direct-action defendant under O.C.G.A. § 40-1-112 and stands in the shoes of Strong Transport.[36] AmTrust opposes the motion, arguing that the direct-action statute does not support a conclusion that it violated Rule 37.

Rule 37 does not work by transference and does not provide a basis to strike AmTrust's answer. Wilson has pointed to no discovery order that AmTrust violated or any refusal by it to cooperate in discovery.[37] While AmTrust may stand in Strong Transport's shoes under O.C.G.A. § 40-1-112 for purposes of liability on Wilson's negligence claims, and might be bound by the judgment against Strong Transport, *Demarco v. Rakmanov*, 2021 WL 8998911, at *6 (N.D. Ga. Aug. 13, 2021),

---

34 *Id.*, Counts 4–5.

35 *Id.*, Count 6.

36 ECF 53.

37 *See generally* ECF 53.

that has nothing to do with whether the Court may sanction a party that has not itself defied any court order. Wilson has pointed to no law suggesting the Court may do so. Wilson's motion to strike AmTrust's answer is **DENIED**.

## III. AmTrust's Motion for Leave to Amend

AmTrust asserts that it should be allowed to amend its answer to assert a coverage defense concerning Strong Transport's and Singh's lack of cooperation. AmTrust argues that leave to amend should be freely given under Fed. R. Civ. P. 15(a) and that it has diligently sought such leave based on new facts.[38] Neither assertion is accurate.

### 1. Rule 16 applies to AmTrust's motion.

The Court entered a scheduling order in this case on November 4, 2025,[39] and an amended scheduling order on March 6, 2026.[40] Once a scheduling order is entered, Rule 15's liberal standard (that leave should be "freely give[n]") is replaced by the good cause standard in Rule 16, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

38 *See generally* ECF 54-1; ECF 62, at 2–4.

39 ECF 30.

40 ECF 46.

AmTrust contends that Rule 16 does not apply because the scheduling order did not impose a deadline that it is seeking to modify and that it has shown good cause in any event. AmTrust is again incorrect. The scheduling order provided that the time for amending the pleadings was as set out in the Federal Rules of Civil Procedure and the Court's Local Rules.[41] Under the Local Rules, amendments to pleadings must be filed within 30 days after the beginning of discovery. LR 7.1(A)(2), NDGa. An answer is a pleading. Fed. R. Civ. P. 7(a)(2). Discovery in this action started on July 21, 2025.[42] So, AmTrust is seeking to modify a deadline imposed by the Court's scheduling order more than 30 days after discovery has begun. Rule 16 applies.

**2. AmTrust has not shown diligence.**

Under Rule 16's good-cause standard, a party must show diligence to extend a deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). Diligence is assessed by a party's "attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." *Snadon v. Sew-*

---

41 ECF 30.

42 Discovery starts 30 days after the first defendant's answer is filed. LR 26.2(A), NDGa. Here, all Defendants answered on June 20, 2025. Since July 20 was a Sunday, discovery started on July 21, 2025. Fed. R. Civ. P. 6(a)(2)(C).

*Eurodrive, Inc.*, 859 F. App'x 896, 897 (11th Cir. 2021) (per curiam). A lack of diligence ends the inquiry. *Sosa*, 133 F.3d at 1418. So too here. Despite long knowing that Strong Transport and Singh were not cooperating in the defense of this case, AmTrust waited to take action until after the Court indicated during the June 11 hearing that it was likely to strike the absconded Defendants' answers (thereby making a default judgment probable).

AmTrust's suggestion that the June 11 hearing was its first indication of a need to assert a non-cooperation affirmative defense[43] is belied by the facts. To recap:

**2025**

- Wilson initiated suit on February 7, 2025.
- Wilson added AmTrust to this suit in April after he was unable to effect service on Strong Transport and Singh.
- Defendants—all represented by the same counsel—answered the complaint on June 20.
- After June, defense counsel were unable to contact Strong Transport or Singh.
- By November 11, defense counsel acknowledged that they had not had contact with Strong Transport and Singh since June *but continued to represent AmTrust*.
- On November 12, the Court gave Strong Transport and Singh until December 12 to supplement their discovery. They failed to do so. Counsel for AmTrust

43 ECF 54, at 1.

was aware of this because they also represented Strong Transport and Singh.

- Wilson moved to strike Strong Transport's and Singh's answers on December 16.

**2026**

- On April 16, 2026, new counsel made an appearance on behalf of AmTrust.
- On June 11, the Court indicated that it was likely to grant Wilson's motion to strike.
- Nearly two weeks later, AmTrust finally moved for leave to amend its answer.

So, as early as June 2025 and no later than November 11, 2025, AmTrust, through counsel, has known or had reason to know that Strong Transport and Singh were not cooperating in this case. In fact, AmTrust was added as a party to this suit *because* Wilson could not find Strong Transport and Singh to serve them. Yet AmTrust did not seek leave to amend its answer until after it became absolutely clear that a default judgment against Strong Transport and Singh was looming and that such a judgment would negatively affect AmTrust's defenses in this case. Nothing about this chronology demonstrates diligence. Rather, it reflects an unseemly level of gamesmanship.

Because AmTrust cannot satisfy Rule 16, its motion for leave to amend its answer is **DENIED**.

## IV. Conclusion

Wilson's motion to strike Strong Transport's and Singh's answers [ECF 36] is **GRANTED**. The Clerk is **DIRECTED** to **STRIKE** ECFs 19 and 20 from the docket and enter **DEFAULT JUDGMENT** against Strong Transport and Singh as to liability. A hearing on damages will be delayed pending resolution of the claims against AmTrust.

Wilson's motion to strike AmTrust's answer [ECF 53] is **DENIED**. The operative answer for AmTrust is the one filed on June 20, 2025 [ECF 18].

AmTrust's motion for leave to amend [ECF 54] is **DENIED**.

Wilson and AmTrust are granted leave, within 30 days of this Order, to file any appropriate dispositive motion. Absent the filing of a dispositive motion, the parties are **ORDERED** to file their proposed consolidated pretrial order within 60 days of this Order.

The Clerk is **DIRECTED** to resubmit this Order to undersigned after 60 days.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge